IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD W. CARPENTER,

    Plaintiff,

v.                                                Civil Action No. 5:05CV70
                                                            (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Donald W. Carpenter, ("Carpenter"), filed an action on May 16, 2005 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). On July 26, 2005, the plaintiff filed a motion for summary judgment and the defendant filed a motion for summary judgment on October 24, 2005.

Magistrate Judge Seibert considered the parties' summary judgment motions and entered a report and recommendation on April 26, 2006. In his report, the magistrate judge made the following findings: (1) that the Administrative Law Judge ("ALJ") conducted a proper credibility analysis, and (2) that the ALJ was not required to discuss every piece of evidence. Accordingly, the

magistrate judge recommended that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted and that the complaint be dismissed.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On May 16, 2001, the plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") since September 19, 2000, which were denied initially and on reconsideration. No appeal was filed, but on July

21, 2003, the plaintiff filed a new protective filing for SSI and on August 8, 2003, he reapplied for DIB. Both of these new filings were denied initially and on reconsideration. Following a hearing, the ALJ found the plaintiff to be not disabled within the meaning of the Act. The Appeals Council denied the plaintiff's request for review and this action was filed.

### III. Applicable Law

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time

4

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

This Court finds that the magistrate judge correctly reviewed the ALJ's determination of credibility with regard to pain pursuant to the two-step analysis of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). The ALJ appropriately found that the plaintiff had a medically determinable back condition, but that objective evidence was inadequate to support the plaintiff's subjective complaints of chronic, totally disabling back pain since September 2000. Next, the ALJ considered the plaintiff's subjective complaints in light of the ALJ's observations of the plaintiff's testimony at the hearing and the entire record. Here, there was substantial evidence in the form of imaging studies, orthopedist testimony and the plaintiff's own acknowledgments to support the ALJ's finding that the plaintiff's testimony regarding pain was not entirely credible. Accordingly, the magistrate judge's analysis with regard to credibility has no clear error.

With regard to consideration of favorable testimony from the vocational expert, this Court finds the ALJ's determination is

5

supported by substantial evidence and agrees that the ALJ is not required to discuss every piece of evidence in the record. See Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984). As the magistrate judge notes, the ALJ properly discounted the credibility of the plaintiff's subjective complaint in light of substantial evidence, and therefore, reasonably rejected the contention that the plaintiff needed to lay down for ten minutes every hour. See Edward v. Bowen, 672 F. Supp. 230, 234-35 (E.D.N.C. 1987). Accordingly, the magistrate judge is without clear error.

## V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's motion for summary judgment is without merit and that the defendant's motion for summary judgment should be granted. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation in its entirety. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 31, 2006

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE